**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| PAUL ANSFIELD, On Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OMNICARE, INC., JOEL GEMUNDER, DAVID W. FROESEL, JR., and JOHN L. WORKMAN, <br><br> Defendants. | C.A. No. 2-11-cv-00173-DLB-CJS <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION OF OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM AND INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND OF EASTERN PENNSYLVANIA AND DELAWARE FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL** <br><br> **ELECTRONICALLY FILED** |

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Oklahoma Police Pension and Retirement System ("OPPRS") and International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware  ("IUOE")  (together, the "Institutional Investor Group") will, and hereby do, move this Court under § 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), for an order (1) appointing the Institutional Investor Group as lead plaintiff pursuant to § 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), (2) approving the Institutional Investor Group's choice of lead counsel for the proposed class pursuant to § 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B)(v), and (3) granting such other and further relief as the Court may deem just and proper.

This motion is made on the grounds that the Institutional Investor Group is entitled to a presumption that it is the "most adequate plaintiff" to serve as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  Further, the Institutional Investor Group meets the requirements of Federal Rule of Civil Procedure 23(a) because its members' claims are typical of the class members' claims and because it will fairly and adequately represent the class.

The Institutional Investor Group has retained Grant & Eisenhofer P.A., a law firm nationally renowned for its extensive experience and expertise in prosecuting securities fraud class actions, to serve as lead counsel for the class.  The Institutional Investor Group seeks this Court's approval of its selection of Grant & Eisenhofer P.A. as lead counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

This motion is based upon the instant motion, the memorandum of law in support thereof, the Declaration of Geoffrey C. Jarvis, and such other written or oral argument as may be presented to the Court.

DATED:  October 24, 2011

  s/ Gary J. Sergent
Gary J. Sergent (Bar Id. No. 63166)
O'HARA, RUBERG, TAYLOR, SLOAN,
    & SERGENT
25 Town Center Boulevard, Suite 201
Crestview Hills, Kentucky 41017-0411
Telephone: (859) 331-2000
Facsimile: (859) 587-3365

OF COUNSEL:

GRANT & EISENHOFER P.A.
Jay W. Eisenhofer
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501

       -and-

Geoffrey C. Jarvis
Christine M. Mackintosh
1201 N. Market St., Suite 2100
Wilmington, DE 19801
Telephone:  (302) 622-7000
Facsimile:   (302) 622-7100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List.

 s/ Gary J. Sergent            

Gary J. Sergent, Esq.

**ELECTRONIC MAIL NOTICE LIST**

**Mark C. Gardy**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632                 representing        **Paul Ansfield**
201-567-7377                                                   *(Plaintiff)*
201-567-7337 (fax)
 *Assigned: 08/24/2011*
 *ATTORNEY TO BE NOTICED*


**Charles A. Germershausen**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-567-7377                               representing        **Paul Ansfield**
201-567-7337 (fax)                                            *(Plaintiff)*
 *Assigned: 08/24/2011*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*


**Thomas P. Glass**
Strauss & Troy - Cincinnati
150 E. Fourth Street
Federal Reserve Building, Fourth Floor
Cincinnati, OH 45202-4018
513-621-2120                               representing        **Paul Ansfield**
513-629-9426 (fax)                                            *(Plaintiff)*
tpglass@strausstroy.com
 *Assigned: 08/24/2011*
 *ATTORNEY TO BE NOTICED*


**Michael E. Nitardy**
Frost, Brown, Todd, LLC - Florence
7310 Turfway Road
Suite 210
Florence, KY 41042
859-817-5914                               representing        **Omnicare, Inc.**
859-283-5902 (fax)                                            *(Defendant)*
mnitardy@fbtlaw.com
 *Assigned: 08/31/2011*
 *ATTORNEY TO BE NOTICED*

**David W. Froesel, Jr.**
*(Defendant)*

**Joel Gemunder**
*(Defendant)*

**John L. Workman**
*(Defendant)*

**James S. Notis**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-567-7377
201-567-7337 (fax)
  *Assigned: 08/24/2011*
  *PRO HAC VICE*
  *ATTORNEY TO BE NOTICED*

representing   **Paul Ansfield**
*(Plaintiff)*

**Richard S. Wayne**
Strauss & Troy, LPA - Cincinnati
150 East Fourth Street
The Federal Reserve Building
Cincinnati, OH 45202-4018
513-621-2120
513-629-9426 (fax)
rswayne@strausstroy.com
  *Assigned: 08/24/2011*
  *PRO HAC VICE*
  *ATTORNEY TO BE NOTICED*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

PAUL ANSFIELD, On Behalf of Himself and
All Others Similarly Situated,

                         Plaintiff,

        v.

OMNICARE, INC., JOEL GEMUNDER,
DAVID W. FROESEL, JR., and JOHN L.
WORKMAN,

                    Defendants.

C.A. No. 2-11-cv-00173-DLB-CJS

**CLASS ACTION**

**MEMORANDUM AND POINTS OF
AUTHORITIES IN SUPPORT OF THE
MOTION OF OKLAHOMA POLICE
PENSION AND RETIREMENT SYSTEM
AND INTERNATIONAL UNION OF
OPERATING ENGINEERS PENSION
FUND OF EASTERN PENNSYLVANIA
AND DELAWARE FOR APPOINTMENT
AS CO-LEAD PLAINTIFFS AND
APPROVAL OF THEIR SELECTION OF
LEAD COUNSEL**

**ELECTRONICALLY FILED**

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ...................................................................................................... 1

II.   STATEMENT OF THE MATTER BEFORE THE COURT ........................................... 1

III.  FACTUAL BACKGROUND ....................................................................................... 3

IV.   ARGUMENT ........................................................................................................... 4

    A.    THE INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD
        PLAINTIFF ......................................................................................................... 4

        1.    The Institutional Investor Group Timely Moved For Appointment
            As Lead Plaintiff Following Proper Publication Of The Notice ................. 4

        2.    The PSLRA Favors Institutional Investors Who Have A Large
            Financial Interest In The Lawsuit ............................................................. 4

        3.    The Institutional Investor Group Believes It Has The Largest
            Financial Interest In The Outcome Of This Litigation .............................. 6

        4.    The Institutional Investor Group Is Qualified Under Rule 23 .................. 6

            a.    The Institutional Investor Group's Claims Are Typical Of
                The Class's Claims ...................................................................... 8

            b.    The Institutional Investor Group Will Fairly And
                Adequately Represent The Interests Of The Class ........................ 9

        5.    The Court Should Approve The Institutional Investor Group's
            Selection Of Grant & Eisenhofer As Lead Counsel ............................... 10

V.    CONCLUSION........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*In re Am. Med. Sys.*,
   75 F.3d 1069 (6th Cir. 1996) ..................................................................9

*In re BankAmerica Corp. Sec. Litig.*,
   350 F.3d 747 (8th Cir. 2003) ..................................................................6

*In re Bard Assoc., Inc.*,
   No. 09-6243, 2009 WL 4350780 (10th Cir. Dec. 2, 2009)......................6

*Beattle v. CenturyTel, Inc.*,
   511 F.3d 554 (6th Cir. 2007) ..................................................................9

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ..................................................................11

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)....................................................................6

*Craft v. Vanderbilt Univ.*,
   174 F.R.D. 396 (M.D. Tenn. 1996) ........................................................9

*Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.*,
   No. 09-CV-882, 2010 WL 1790763 (M.D. Tenn. Apr. 30, 2010)........................2-3

*CMS Energy Secs. Litig.*,
   No. 02-CV-72004-DT, 2002 WL 32817518 (E.D. Mich. Nov. 14, 2002) ..............7

*Hall v. Medicis Pharm. Corp.*,
   No.CV-08-1821-PHX-GMS, CV-08-1870-PHX-DKD, 2009 WL 648628( D. Ariz.
   Mar. 11, 2009)........................................................................................8

*Mass. Laborers' Annuity Fund v. Tempur-Pedic Int'l Inc.*,
   No. 5:05-410-JMH (E.D. Ky. Dec. 28, 2005).........................................8

*In re McDermott Int'l, Inc. Sec. Litig.*,
   No. 08 Civ. 9943 (DC), 2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) ......................6

*In re Oxford Health Plans, Inc., Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................7

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-CV-2830, 2010 WL 5173851 (W.D. Tenn. Dec. 15, 2010) ..............3, 5, 7, 8

*Rugumbwa v. Betten Motor Sales*,
   200 F.R.D. 358 (W.D. Mich. 2001) ...................................................................................10

*Sprague v. GMC,*
   133 F.3d 388 (6th Cir. 1998) ..........................................................................................9

*State Univ. Ret. Sys. Of Ill. v. Sonus Networks, Inc.*,
   No. 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006)........................................8

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*,
   No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217 (D. Ariz. Sept. 11, 2007).........................7

*In re Texlon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999)..................................................................................9

*In re Universal Access, Inc. Sec. Litig.*,
   209 F.R.D. 379 (E.D. Tex. 2002).........................................................................................7

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) .........................................................................................7

## STATUTES

15 U.S.C. § 78u-4(a)(3) ........................................................................................... *passim*

## OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369, reprinted in 1995 U.S.C.C.A.N. 730 (1995)..................................1

## I.     INTRODUCTION

Oklahoma Police Pension and Retirement System ("OPPRS") and International Union of Operating Engineers Pension Fund of Eastern Pennsylvania and Delaware    ("IUOE") (collectively, the "Institutional Investor Group"), through its undersigned counsel, in connection with a securities fraud class action lawsuit filed against Omnicare, Inc. ("Omnicare" or the "Company") and related defendants, respectfully submits this memorandum of law in support of its motion: (1) to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (2) for approval of its selection of the law firm of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as Lead Counsel for the Class.

## II.    STATEMENT OF THE MATTER BEFORE THE COURT

The relief sought by the Institutional Investor Group with this motion is precisely the result the PSLRA's framers hoped to accomplish by enacting the PSLRA's lead plaintiff provision — for complex class actions arising under the federal securities laws to be prosecuted by institutional plaintiffs.  As Congress noted in the Statement of Managers, the PSLRA was intended to "increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H.R. Conference Report on Sec. Litig. Reform, H.R. Conf. Rep. No. 104-369, at *34, reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995).  The members of the Institutional Investor Group, with substantial assets, are exactly the type of institutional investors envisioned by Congress as the most adequate lead plaintiffs in securities class action suits.

Pursuant to the PSLRA, the Court must appoint the "the member or members" of the class that are the "most adequate" to serve as Lead Plaintiff in the Action.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In so doing, the Court must consider which movant has the "largest financial interest" in the relief sought by the Class, and whether there has been a *prima facie* showing that the movant is an adequate and typical class representative under Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The members of the Institutional Investor Group respectfully submit that they are the "most adequate plaintiff," as defined by the PSLRA, because they have the largest financial interest in the relief sought in the Action and otherwise satisfy the requirements of Rule 23 of the Federal Rules.  As a result of Defendants' misconduct, the members of the Institutional Investor Group suffered combined losses of more than $790,000, whether measured on a last-in, first-out ("LIFO") or a first-in, first-out basis ("FIFO").[1]  By virtue of their substantial investment and losses in Omnicare stock during the Class Period, the members of the Institutional Investor Group believe that they have the largest financial interest in the relief sought in this action.  The members of the Institutional Investor Group also satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules, and fully understand the duties and responsibilities of a Court-appointed Lead Plaintiff under the PSLRA.  Accordingly, the members of the Institutional Investor Group are presumptively the "most adequate plaintiff" as defined by the PSLRA and should be appointed as Lead Plaintiff on behalf of the Class.

Moreover, the Institutional Investor Group is composed of sophisticated institutional investors and is therefore the paradigmatic lead plaintiff envisioned by the PSLRA.  *See Garden City Employees' Ret. Sys. v. Psychiatric Solutions, Inc.,* No. 09-CV-882, 2010 WL 1790763, at

---

[1]  OPPRS suffered losses of approximately $567,952, whether measured on a LIFO or FIFO basis, whereas IUOE suffered losses of approximately $222,522, whether measured on a LIFO or a FIFO basis.  *See* Exhibits A and B to the accompanying Declaration of Geoffrey C. Jarvis dated October 24, 2011 (hereinafter "Jarvis Decl.").

*3 (M.D. Tenn. Apr. 30, 2010) ("[T]he PSLRA's legislative history reflects a Congressional intention to favor institutional investors that have the greater financial resources and experience to satisfy their fiduciary duties to the class members."); *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-CV-2830, 2010 WL 5173851, at *6 (W.D. Tenn. Dec. 15, 2010) ("One of the main purposes Congress sought to advance when enacting the PSLRA was to promote the appointment of institutional investors as lead plaintiffs."). Lastly, the Institutional Investor Group selected Grant & Eisenhofer, a highly qualified law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, and for the reasons set forth in detail below, the Institutional Investor Group should be appointed Lead Plaintiff, and its selection of Grant & Eisenhofer as Lead Counsel for the Class should be approved.

## III.    FACTUAL BACKGROUND

The Omnicare class action is brought on behalf of all purchasers of Omnicare securities from January 10, 2007 through August 5, 2010 (the "Class Period") against Omnicare and certain of its officers for violations of the Exchange Act.

Omnicare, based in Covington, Kentucky, provides pharmaceutical care for the elderly. The Company – which serves residents in long-term care facilities, chronic care and other settings – purports to serve more than 1.4 million people receiving geriatric care in 47 states and Canada. Omnicare is also the largest U.S. provider of professional pharmacy, consulting and data management services for skilled nursing, assisted living and other institutional healthcare providers, and for hospice patients in homecare and other settings. Omnicare derives most of its revenue directly or indirectly from government sponsored programs, mainly the federal Medicare program and, to a lesser extent, state Medicaid programs.

The Omnicare class action seeks to hold Omnicare and its officers responsible for failing to disclose that, throughout the Class Period, they were causing the Company to defraud the Medicare and Medicaid systems, imperiling significant sources of Omnicare's revenue.

## IV.   ARGUMENT

### A.   THE INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.   The Institutional Investor Group Timely Moved For Appointment As Lead Plaintiff Following Proper Publication Of The Notice

The PSLRA requires plaintiffs in securities class actions to promptly publish a notice advising class members of the pendency of the action and of their right to move within 60 days of publication of the notice to be appointed lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).

On August 24, 2011, the plaintiff who first filed against Omnicare published notice over *Globe Newswire*, one of the world's largest newswire distribution networks, specializing in the delivery of corporate press releases, financial disclosures and multimedia content to the media, investment community, individual investors and the general public.  A true and correct copy of the Notice is attached as Exhibit "C" to the Jarvis Decl.  The notice advised class members of the existence of the securities class action lawsuit against Omnicare and certain of its officers, the claims asserted therein, the Class Period, and their right to move for lead plaintiff.  This motion is timely filed within 60 days from the publication of that notice in satisfaction of 15 U.S.C. § 78u-4(a)(3)(A)(i).

#### 2.   The PSLRA Favors Institutional Investors Who Have A Large Financial Interest In The Lawsuit

The Institutional Investor Group respectfully submits that it should be appointed Lead Plaintiff because its members are the movants "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure

for selecting the lead plaintiff in class actions arising under the securities laws and provides that the court shall make a significant presumption when determining the "most capable" plaintiff:

> [T]he court **shall adopt a presumption that the most adequate plaintiff** in any private action arising under this chapter is the person or group of persons that - -
>
>> (aa)  has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>>
>> (bb)  in the determination of the court, **has the largest financial interest in the relief sought by the class**; and
>>
>> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).

Thus, the PSLRA requires that, in determining which class member to appoint as lead plaintiff, the Court must follow a sequential process whereby it first "identif[ies] the applicant with the largest financial interest in the litigation" and then "analyzes *that party alone* to see if it complies with the requirements of Rule 23."  *In re Regions*, 2010 WL 5173851, at *3 (emphasis in original; citations omitted).  If the movant with the largest financial interest satisfies the Rule 23 requirements, it is presumed to be the "most adequate" plaintiff – a presumption that can be rebutted "only upon **proof** by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . .  will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

The appointment of a group of class members as Co-Lead Plaintiffs is appropriate under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see, e.g., In re Bard Assoc., Inc.,* No. 09-6243, 2009 WL 4350780 (10th Cir. Dec. 2, 2009) (denying writ of mandamus to individual investor; district court appointed group of three investors as co-lead plaintiffs); *In re BankAmerica Corp. Sec. Litig.*, 350 F.3d 747, 749 (8th Cir. 2003) (noting that district court had "appointed a seven-

member lead plaintiff group to represent the NationsBank classes"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 219 (3d Cir. 2001) (noting that district court had appointed group as lead plaintiff); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 Civ. 9943 (DC), 2009 WL 579502, at *2 (S.D.N.Y. Mar. 6, 2009) (noting that the "majority of courts, including those in this District . . . permit [] unrelated investors to join together as a group seeking lead-plaintiff status . . . if such a grouping would best serve the class").

As set forth below, the Institutional Investor Group is exactly the type of lead plaintiff envisioned by Congress in enacting the PSLRA, and it satisfies all of the criteria contemplated by the PSLRA for determining the most adequate lead plaintiff. As such, the Institutional Investor Group should be appointed as lead plaintiff in this action.

### 3. The Institutional Investor Group Believes It Has The Largest Financial Interest In The Outcome Of This Litigation

During the Class Period, OPPRS expended $2,680,124 to purchase 84,735 Omnicare shares, and IUOE expended $1,162,815 to purchase 36,113 Omnicare shares. These transactions were effected at prices artificially inflated by defendants' materially false and misleading statements and omissions. When the truth about Omnicare was revealed, OPPRS and IUOE lost $567,952 and $222,522, respectively. The Institutional Investor Group believes it has suffered the largest loss as a result of Omnicare's fraud. *See* Exs. A and B to the Jarvis Decl. Based on this financial interest and its ability to fairly and adequately represent the class, the Institutional Investor Group is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(iii)(I)(bb).

### 4. The Institutional Investor Group Is Qualified Under Rule 23

Section 21D(a)(3)(B)(iii)(I) of the Exchange Act provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-

4(a)(3)(B)(iii)(I)(cc).   While Rule 23(a) imposes four prerequisites to class certification –
namely, (1) that the class is so numerous that joinder of all members is impracticable, (2) that
there are questions of law or fact common to the class, (3) that the claims or defenses of the
representative parties are typical of the claims or defenses of the class, and (4) that the
representative parties will fairly and adequately protect the interests of the class – only the
typicality and adequacy requirements of Rule 23(a) must be considered when appointing a lead
plaintiff under the PSLRA, because only those two criteria address the characteristics of the lead
plaintiff.  *See In re Regions*, 2010 WL 5173851, at *5; *CMS Energy*, No. 02-CV-72004-DT,
2002 WL 32817518, at *3 (E.D. Mich. Nov. 14, 2002) (addressing whether institutional investor
satisfied the adequacy and typicality requirements of Fed. R. Civ. P. 23); *In re Oxford Health
Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  Because the remaining Rule 23(a)
requirements relate to the adequacy of the claims themselves, these requirements should not
enter into the court's analysis in its determination of lead plaintiff and examination of such
factors should be deferred until the lead plaintiff moves for class certification.  *See Teamsters
Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, No. 2:06-CV-2674-PHX-RCB,
2007 WL 2692217, at *5 (D. Ariz. Sept. 11, 2007); *Weinberg v. Atlas Air Worldwide Holdings,
Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003); *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D.
379, 385 (E.D. Tex. 2002).

Additionally, when evaluating the typicality and adequacy of a lead plaintiff movant,
"[t]he initial inquiry (*i.e.*, the determination of whether the movant with the largest interest in the
case 'otherwise satisfies' Rule 23) should be confined to determining whether the movant has
made a *prima facie* showing of typicality and adequacy."  *State Univ. Ret. Sys. Of Ill. v. Sonus
Networks, Inc.*, No. 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006)

(quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001)); *In re Regions*, 2010 WL 5173851, at *5 ("the initial inquiry into typicality and adequacy required to trigger the presumption is only a *prima facie* one"); *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, CV-08-1870-PHX-DKD, CV-08-1964-PHX-JAT, 2009 WL 648626, at *2 (D. Ariz. Mar. 11, 2009) ("[A]ll that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate.") (internal citations omitted).  Accordingly, this Court has noted that in ruling on a motion for appointment of lead plaintiff "'[t]he [typicality and adequacy] inquiry is not as searching or detailed as when the court decides to grant or deny certification.'"  *Mass. Laborers' Annuity Fund v. Tempur-Pedic Int'l Inc.*, No. 5:05-410-JMH (E.D. Ky. Dec. 28, 2005) (quoting 7B Charles Alan Wright, *et. al.*, *Federal Practice and Procedure Civil* § 1806 (3d ed. 2005)) (Order).  A true and correct copy of the *Massachusetts Laborers'* Order is attached to the Jarvis Decl. as Exhibit "D."

The Institutional Investor Group readily meets the typicality and adequacy requirements.

### a.  The Institutional Investor Group's Claims Are Typical Of The Class's Claims

Under Rule 23(a)(3), the claims or defenses of the representative party must be "typical of the claims" or defenses of the class.  Rule 23(a)(3)'s typicality requirement is satisfied when the named plaintiff has suffered the same or similar injuries as the absent class members, when its injuries were suffered as a result of the same course of conduct by defendants, and where its claims are based on the same legal issues.  *See Beattle v. CenturyTel, Inc.,* 511 F.3d 554, 561 (6th Cir. 2007); *Sprague v. GMC,* 133 F.3d 388, 399 (6th Cir. 1998); *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996) ("[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory."); *Craft v. Vanderbilt Univ.*, 174 F.R.D. 396, 404

(M.D. Tenn. 1996) (typicality may be satisfied "even if there are factual distinctions between the named plaintiffs and those of other class members").

The Institutional Investor Group's claims are typical of those of the class. The Institutional Investor Group – like all members of the class – relied upon defendants' false statements and material omissions and, as a result, purchased Omnicare securities at prices that were artificially inflated. When the truth about Omnicare was revealed, this artificial inflation was removed from the prices of Omnicare securities, causing the Institutional Investor Group – like all members of the class – to sustain damages. Claims like those at bar "based on the same types of alleged misrepresentations and omissions" as the class's claims readily meet the typicality prong of Rule 23(a)(3). *In re Texlon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 824 (N.D. Ohio 1999). *See also Sprague*, 133 F.3d at 399 (the "typicality requirement is [satisfied where] the representative's interests [are] aligned with those of the represented group, and . . . the named plaintiff . . . advance[s] the interests of the class members"). *See also Tempur-Pedic* ("[A]ny member of the proposed class would base their claims on the same legal theories and alleged misrepresentations and omissions as [lead plaintiff movant], and therefore [lead plaintiff movant] meets the typicality requirement.").

>        **b.**    **The Institutional Investor Group Will Fairly And Adequately Represent The Interests Of The Class**

"A lead plaintiff is adequate if its interests are not antagonistic to the rest of the class . . . and if it would not be subject to any 'unique defenses that render [the] plaintiff incapable of adequately representing the class.'" *Tempur-Pedic* (citing *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 304 (N.D. Ohio 2005) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb)). "Doubts about adequate representation should be resolved in favor of upholding the class[.]" *Rugumbwa v. Betten Motor Sales*, 200 F.R.D. 358, 365 (W.D. Mich. 2001).

The Institutional Investor Group's interests are undoubtedly aligned with members of the proposed class:  the Institutional Investor Group and the members of the proposed class all seek to recover for the harm they suffered when the revelation of the truth about Omnicare caused the value of their investments in Omnicare stock to plummet.  The Institutional Investor Group – like all harmed class members – seeks financial recovery for these losses.  There is no evidence in the record of any antagonism between the Institutional Investor Group's interests and those of the proposed class members, and no reason to believe that the Institutional Investor Group will be subject to any unique defenses.

The Institutional Investor Group has amply demonstrated its adequacy to serve as class representative.  Both OPPRS and IUOE have executed sworn certifications affirming their willingness to serve as and assume the responsibilities of a class representative.  *See* Exhibits A and B to the Jarvis Decl.  Further, the Institutional Investor Group has selected a law firm that is highly experienced in prosecuting securities class actions and is among the preeminent law firms in the nation in prosecuting actions like the Omnicare class action.  A true and correct copy of the Firm Resumé of Grant & Eisenhofer P.A. is attached as Exhibit "E" to the Jarvis Decl.

The Institutional Investor Group satisfies both the prerequisites of the PSLRA and the requirements of Rule 23.  Accordingly, the Institutional Investor Group should be appointed lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 5.    The Court Should Approve The Institutional Investor Group's Selection Of Grant & Eisenhofer As Lead Counsel

Under the PSLRA, lead plaintiff is vested with the authority to select and retain counsel to represent the class, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The court should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also In re Cavanaugh*, 306 F.3d at 734

(9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

The Institutional Investor Group has selected as lead counsel one of the preeminent securities litigation firms in the nation.  Since its inception in 1997, Grant & Eisenhofer has amassed an impressive record, having served as sole or co-lead counsel in some of the largest securities fraud class action settlements in history and in the largest derivative action settlement in the long history of the Delaware Court of Chancery.  *See* Exhibit E to Jarvis Decl.  Under these circumstances, disturbing the Institutional Investor Group's choice of counsel is in no way necessary to "protect the interests of the class."  To the contrary, if the Institutional Investor Group is appointed lead plaintiff, the class will receive the highest caliber of legal representation available.

## V.       CONCLUSION

For the foregoing reasons, the Institutional Investor Group respectfully requests that the Court (1) appoint OPPRS and IUOE as co-lead plaintiffs pursuant to § 21D(a)(3)(B) of the Exchange Act and (2) approve their selection of Grant & Eisenhofer as lead counsel for the class.

DATED:  October 24, 2011                      Respectfully submitted,

                                               s/ Gary J. Sergent
                                              Gary J. Sergent (Bar Id. No. 63166)
                                              O'HARA, RUBERG, TAYLOR, SLOAN,
                                                  & SERGENT
                                              25 Town Center Boulevard, Suite 201
                                              Crestview Hills, Kentucky 41017-0411
                                              Telephone: (859) 331-2000
                                              Facsimile: (859) 587-3365

OF COUNSEL:
GRANT & EISENHOFER P.A.
Jay W. Eisenhofer
485 Lexington Avenue, 29th Floor
New York, NY  10017
Telephone:  (646) 722-8500
Facsimile:  (646) 722-8501

        -and-

Geoffrey C. Jarvis
Christine M. Mackintosh
1201 N. Market St.
Wilmington, DE 19801
Telephone:  (302) 622-7000
Facsimile:  (302) 622-7100

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 24, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

  s/ Gary J. Sergent                <br>
Gary J. Sergent

## <u>ELECTRONIC MAIL NOTICE LIST</u>

**Mark C. Gardy**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632                representing        **Paul Ansfield**
201-567-7377                                                *(Plaintiff)*
201-567-7337 (fax)
 *Assigned: 08/24/2011*
 *ATTORNEY TO BE NOTICED*

**Charles A. Germershausen**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-567-7377                               representing        **Paul Ansfield**
201-567-7337 (fax)                                          *(Plaintiff)*
 *Assigned: 08/24/2011*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*

**Thomas P. Glass**
Strauss & Troy - Cincinnati
150 E. Fourth Street
Federal Reserve Building, Fourth Floor
Cincinnati, OH 45202-4018
513-621-2120                               representing        **Paul Ansfield**
513-629-9426 (fax)                                          *(Plaintiff)*
tpglass@strausstroy.com
 *Assigned: 08/24/2011*
 *ATTORNEY TO BE NOTICED*

**Michael E. Nitardy**
Frost, Brown, Todd, LLC - Florence
7310 Turfway Road
Suite 210
Florence, KY 41042
859-817-5914                               representing        **Omnicare, Inc.**
859-283-5902 (fax)                                          *(Defendant)*
mnitardy@fbtlaw.com
 *Assigned: 08/31/2011*
 *ATTORNEY TO BE NOTICED*

14

**David W. Froesel, Jr.**
*(Defendant)*

**Joel Gemunder**
*(Defendant)*

**John L. Workman**
*(Defendant)*

**James S. Notis**
Gardy & Notis, LLP
560 Sylvan Avenue
Englewood Cliffs, NJ 07632
201-567-7377
201-567-7337 (fax)
 *Assigned: 08/24/2011*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*

representing    **Paul Ansfield**
*(Plaintiff)*

**Richard S. Wayne**
Strauss & Troy, LPA - Cincinnati
150 East Fourth Street
The Federal Reserve Building
Cincinnati, OH 45202-4018
513-621-2120
513-629-9426 (fax)
rswayne@strausstroy.com
 *Assigned: 08/24/2011*
 *PRO HAC VICE*
 *ATTORNEY TO BE NOTICED*